IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEIGH GADDIS, ) | |
| ) | |
| Plaintiff, ) | Case No.: 14-CV-31-FHS |
| ) | |
| v. ) | |
| ) | |
| PRINCIPLE LIFE INSURANCE ) | |
| COMPANY, an Iowa Corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, Leigh Gaddis, and for hers causes of action against the Defendant, Principle Life Insurance, she states as follows:

1. The Plaintiff is a resident of Pontotoc County, Oklahoma.

2. The Defendant, Principle Life Insurance Company, is an Iowa corporation with its principle place of business in Iowa.

3. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Venue properly lies within the Federal Eastern District Court of Oklahoma.

4. The Defendant issued disability insurance policy numbers 7575138 and 7586429 and overhead expense policy No. 7586431 to the Plaintiff.

5. Ms. Gaddis became disabled and filed insurance claims to collect under the above described insurance policies.

6. He disabling condition has resulted in chronic pain, which has resulted in a state of continuous and total disability as those terms are used and defined in the relevant policies.

7. The Defendant has refused or failed to pay benefits agreed upon in said policies and has accordingly breached each policy.

8. As a result of the Defendant's breach of the aforementioned policies, Plaintiff has been damaged in a sum in excess of $75,000.00.

## COUNT ONE – BREACH OF CONTRACT

Plaintiff readopts and re-alleges all foregoing and further states:

9. Plaintiff requests judgment against the Defendant for breach of contract for a sum in excess of $75,000.00, plus attorney's fees, costs and interest.

## COUNT TWO – BAD FAITH

Plaintiff readopts and re-alleges all foregoing allegations and further states:

10. Defendant breached Oklahoma's implied duty of good faith and fir dealing toward its own insured by:

    a. Failing to promptly tender policy benefits.

    b. Failing to promptly investigate and evaluate Plaintiff's claim.

    c. Ignored facts which supported Plaintiff's covered status.

    d. Labored to generate facts upon which to deny coverage.

    e. Enacted policies, customs and procedures that are designed to generate some basis to deny disability claims.

    f. When confronted with treating doctor's opinions that formed a basis upon which to pay Plaintiff's claims, the insurer rejected the findings and instead sought opinions from non-treating "friendly" doctors to justify non-payment, further ignored what findings the insurer's own doctors made that supported paying the claim.

g. While simultaneously denying that Ms. Gaddis was disabled, the claims adjustor proposed that Ms. Gaddis "change positions from sitting to standing to walking to lying down throughout the day" to avoid chronic pain.

h. Surreptitiously filmed the Plaintiff with the results of the stalking/surveillance of the Plaintiff spun to fabricate some alleged deception and non-disability on the Plaintiff's part.

i. "Investigated away" the Plaintiff's claim by repeatedly seeking medical opinions from friendly doctors to contradict the medical findings of treating physicians and ignoring findings that would tend to vindicate Plaintiff's claim and embrace findings that invalidated Plaintiff's claim.

j. Accepted as true results of Dr. Shane Ross's September 17, 2009 independent examination that the Defendant knew or should have known was plainly improper, as the report agreed with diagnosis of mechanical back pain, lumbrosacral spondylosis and associated musculoskeletal spasm, the doctor opined that she would likely continue to experience low back pain, and he did not doubt she experienced the pain she complained of and that other doctors have noted. Inexplicably, the insurer used this decision to find the Plaintiff was not disabled, as long as she took time to lay down, stretch and exercise; apparently while running a business and dealing with customers.

k.  In relying on the insurer's separately obtained medical opinions, the insurer selectively cherry-picked statements that could be predicated to arguably deny the claim and ignored findings, (such as consistent pain and injury) that supported paying the claim, as reflected in the insurer's written explanations and claim denials dated October 12, 2009; November 23, 2010; October 20, 2011 and November 4, 2011.

l.  Excluded chronic pain as a condition that prevents people from performing "substantial and material duties" of an occupation.

11. Plaintiff requests judgment in excess of $75,000.00, plus reasonable attorney's fees, costs and interest.

## COUNT THREE – PUTATIVE DAMAGES

Plaintiff readopts and re-alleges all foregoing allegations and further states:

12. Defendant's actions are sufficient to warrant imposition of punitive damages.

13. Plaintiff demand punitive damages for a sum in excess of $75,000.00, plus fees, costs and other interest.

Date: January 31, 2014.                Respectfully submitted,

/s/ Justin Stout
Justin Stout, OBA #19581
300 W. Broadway, P.O. Box 707
Muskogee, OK 74402-0707
Tele: 918.682-1121
Fax: 918.683-6340
Email: justin@wswlaw.com

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

4